**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOEL I. WILSON,
MADLON BOSQUET,

    Plaintiffs,                    Civil No. 2:21-CV-12044
                                        HON. SEAN F. COX
                                        UNITED STATES DISTRICT JUDGE

v.

MATTIS, *et. al.*,

    Defendants,
_____/

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is the plaintiffs' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff Joel I. Wilson is a state prisoner incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. Plaintiff Madlon Bosquet is Mr. Wilson's mother. She is not incarcerated but lives at a residence in Saginaw, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

### II. Standard of Review

Plaintiffs have paid the entire filing fee of $ 350.00, plus the $ 52.00 administrative fee, rendering inapplicable this Court's authority to screen the complaint for frivolity or maliciousness pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction.

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson*

*v. O'Brian*, 179 F. 3d 1014, 1015 (6th Cir. 1999). Plaintiffs did not file their complaint in this case as indigents, but paid the filing fee and did not seek *in forma pauperis* status. As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F. 3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson*, 179 F. 3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d at 479 (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(*citing Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of

facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any

essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff Wilson is an inmate at the Central Michigan Correctional Facility. Plaintiff alleges that several of the defendants have issued misconduct tickets against plaintiff Wilson in retaliation for him filing verbal or written grievances against them or in retaliation for plaintiff's mother calling or writing to prison officials to complain about the harassment that plaintiff has allegedly endured. Plaintiff Wilson also complains that none of the grievances that he has filed have been properly adjudicated or addressed. As mentioned above, Plaintiff Bosquet claims that she has spoken or written to several of the defendants about the allegedly retaliatory behavior, but to no avail. Plaintiffs seek monetary and injunctive relief.

### IV. Discussion

**A. Plaintiff Bosquet is DISMISSED from the complaint.**

Plaintiff Bosquet must be dismissed from the complaint because she lacks standing to be included in the lawsuit.

This Court notes that "the irreducible constitutional minimum of standing" requires that "the plaintiff must have suffered 'an injury in fact' that is (a) concrete and particularized, and (b) actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). A non-incarcerated family member of a prisoner lacks standing to bring a civil rights lawsuit absent any allegations that the family member suffered an actual injury in fact. *See Nickens v. D.C.*, 694 F. Supp. 2d 10, 13 (D.D.C. 2010). Mr. Wilson's non-lawyer mother, proceeding *pro se*, does not have standing to bring a § 1983 action on her son's behalf. *Mills v. Greenville Cty.*, 586 F. Supp. 2d 480, 483

4

(D.S.C. 2008). This is particularly so where Mr. Wilson is named as a co-plaintiff and signed the complaint on his own behalf. *Id.* Although Ms. Bosquet alleges that the defendants have retaliated against her for filing complaints on her son's behalf, she does not identify any adverse actions that were taken against her, let alone allege an adverse action that would deter a person of ordinary firmness. Although the complaint alleges that numerous misconduct tickets and other adverse actions were taken against Mr. Wilson, none of these events involve any adverse action directed at Plaintiff Madlon Bosquet. Accordingly, Ms. Bosquet must be dismissed from the case. *See Reynolds v. Harris-Spicer*, No. 1:05-CV-527, 2007 WL 1657406, at *3 (W.D. Mich. June 7, 2007).

**B. Defendants Christiansen and Badgerow must be dismissed from the complaint.**

The complaint must be dismissed against Defendant Christiansen, the warden at the St. Louis Correctional Facility and Defendant Badgerow, the assistant deputy warden, because other than in conclusory terms, plaintiff failed to allege any personal involvement on the part of either defendant with the alleged unconstitutional deprivation.

A supervisory official like Christiansen or Badgerow cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

Warden Christiansen and Badgerow are not liable under § 1983 in their supervisory capacity for the alleged violation of plaintiff's rights, because plaintiff failed to allege that the warden or assistant warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

### C. The wrongful grievance claim fails to state a claim for relief.

Plaintiff alleges that Defendants Christiansen, Badgerow, Hatton, Parsons, and Desco wrongly denied the various grievances he filed.

Plaintiff is not entitled to relief on his claim that the defendants wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d 567, 576 (6th Cir. 2008)(the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999)(prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *See also Walker v. Michigan Dept. of Corrections,* 128 F. App'x. 441, 445 (6th Cir. 2005)(state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Lee v. Michigan Parole Bd.*, 104 F. App'x. 490, 493 (6th Cir. 2004)(absent allegation that chairman of the Michigan Parole Board, director of the Michigan Department of Corrections, or director of the

Michigan Bureau of Forensic Mental Health Services were personally involved in or responsible for the alleged violation of state prisoner's constitutional rights, prisoner could not maintain action under § 1983 simply because official denied an administrative grievance or failed to act based upon information contained in a grievance); *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001)(the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure."); *Bittner v. Wilkinson,* 19 F. App'x. 310, 313 (6th Cir. 2001)(state inmate did not state viable § 1983 claim when he alleged that prison officials denied or disregarded his grievances over alleged incidents in which inmate was assaulted or subjected to retaliation by prison officers). In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x. at 407(*citing Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *See also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009)(internal citations omitted). This claim is dismissed from the complaint. The Court orders that Defendants Hatton, Parsons, and Desco are dismissed from the complaint.

    **D. The case will continue against the remaining defendants.**

## V. ORDER

    **IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO PLAINTIFF MADLON BOSQUET AND DEFENDANTS HATTON, PARSONS, DESCO, CHRISTIANSEN, AND BADGEROW FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE REMAINDER OF THE**

7

**CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**

Dated:  September 17, 2021                              s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge